UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,

                     Plaintiff,

    -against-

SCC ACQUISITIONS, INC., and JOHN DOE
1 through JOHN DOE 100,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

08 Civ. 05438 (RJH) (GWG)

ECF CASE

ANSWER OF DEFENDANT
SCC ACQUISITIONS, INC.

       Defendant SCC Acquisitions, Inc., by and through its attorneys, answers the complaint upon information and belief as follows:

       1.     The allegations contained in paragraph 1 of the complaint constitute Plaintiff's characterization of fact, and as such, no response is necessary, but to the extent that a response is deemed required, Defendant admits that Plaintiff entered into written loan agreements (the "Loan Agreements') secured by a mortgage with Suncal-Southwind JV, LLC, as Borrower, and Suncal-Copper Canyon LLC, as Borrower. Defendant further admits that Defendant entered into written limited, non-recourse guaranty agreements (the "Guarantees") with Plaintiff in connection with the Loan Agreements.

       2.     Paragraph 2 of the complaint sets forth a legal conclusion to which no response is required, but to the extent that a response is deemed required, Defendant admits that the Guarantees permit venue in the state and federal courts in New York County.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

       4.     Admits the allegations of paragraph 4 of the complaint.

       5.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 5 of the complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.      The allegations contained in paragraph 7 of the complaint constitute Plaintiff's characterization of fact, and as such, no response is necessary, but to the extent that a response is deemed required, Defendant admits that Plaintiff entered into a loan agreement (the "Southwind Loan Agreement") with SunCal Southwind.

8.      The allegations contained in paragraph 8 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is deemed required, Defendant admits that SunCal Southwind executed and delivered a promissory note (the "Southwind Note") to Plaintiff.

9.      The allegations contained in paragraph 9 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is deemed required, Defendant admits that SunCal-Heritage Village, LLC, SunCal-Red Hill, LLC, and SunCal-Browning, LLC executed and delivered deeds of trust for the Southwind project to Plaintiff.

10.     The allegations contained in paragraph 10 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant admits that, on or about May 1, 2006, Defendant executed and delivered to Plaintiff the limited, non-recourse guaranty agreement (the "Southwind Guaranty") attached to the complaint as Exhibit A.

11.     The allegations contained in paragraph 11 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.     The allegations contained in paragraph 12 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the

2

extent that a response is required, Defendant admits that Plaintiff loaned funds to SunCal Copper Canyon.

13.    The allegations contained in paragraph 13 of the complaint set forth a legal conclusion, and as such, no response is necessary, but to the extent that a response is required, Defendant admits that SunCal Copper Canyon executed and delivered a promissory note to Plaintiff.

14.    The allegations contained in paragraph 14 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant admits that SunCal Copper Canyon executed and delivered to Plaintiff a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing dated July 25, 2005.

15.    The allegations contained in paragraph 15 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant admits that, on or about July 25, 2005, Plaintiff and the Borrower entered into a First Amendment to Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing.

16.    The allegations contained in paragraph 16 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant admits that, on or about July 25, 2005, Defendant entered into the limited, non-recourse guaranty agreement (the "Copper Canyon Guaranty") attached as Exhibit B to the complaint.

17.    The allegations contained in paragraph 17 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18.    The allegations contained in paragraph 18 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the

3

extent that a response is required, Defendant admits that SunCal Southwind received a notice of event of default from Plaintiff (the "Southwind Notice of Default") on or about August 28, 2007.

19.    The allegations contained in paragraph 19 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant avers that SunCal-Southwind did not pay to Plaintiff the amount demanded in the Southwind Notice of Default.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22.    The allegations contained in paragraph 22 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant admits that, on or about July 27, 2007, Plaintiff issued SunCal Copper Canyon a notice of event of default (the "Copper Canyon Notice of Default").

23.    The allegations contained in paragraph 23 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant admits that SunCal Copper Canyon did not pay to Plaintiff the amount demanded in the Copper Canyon Notice of Default.

24.    The allegations contained in paragraph 24 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 26 of the complaint.

27.    The allegations contained in paragraph 27 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant refers to Exhibit A to the complaint for a precise statement of the terms thereof.

28.    Paragraph 28 of the complaint sets forth legal conclusions to which no response is necessary, but to the extent that a response is deemed required, Defendant denies that Defendant's obligations to Plaintiff are absolute and clear under the Guarantees.

29.    Paragraph 29 of the complaint, together with footnote one thereto, set forth legal conclusions and constitute Plaintiff's characterizations of fact to which no response is necessary, but to the extent that a response is deemed required, Defendant denies that SunCal Southwind and/or Suncal Copper Canyon triggered the Guaranty Obligations by doing any of the acts alleged by Plaintiff, or by doing anything at all that triggered the Guaranty Obligations.

30.    The allegations contained in paragraph 30 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant refers to Exhibit A to the complaint for a precise statement of the terms thereof.

31.    The allegations contained in paragraph 31 of the complaint set forth legal conclusions, as well as constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant refers to Exhibit A to the complaint for a precise statement of the terms thereof.

32.    The allegations contained in paragraph 32 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant refers to Exhibit A to the complaint for a precise statement of the terms thereof.

33.    The allegations contained in paragraph 33 of the complaint set forth legal conclusions, as well as constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant refers to Exhibit A to the complaint for a precise statement of the terms thereof.

34.    The allegations contained in paragraph 33 of the complaint set forth legal conclusions, as well as constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant refers to Exhibit A to the complaint for a precise statement of the terms thereof.

35.    The allegations contained in paragraph 35 of the complaint constitute Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant admits that Plaintiff sent Defendant a letter dated May 23, 2008, the same day that this lawsuit was filed.

36.    In response to paragraph 36 of the complaint, Defendant incorporates its answers to paragraphs 1 through 35 as if fully set forth herein.

37.    The allegations contained in paragraph 37 of the complaint set forth legal conclusions and Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant refers to Exhibit A to the complaint for a precise statement of the terms thereof.

38.    The allegations contained in paragraph 38 of the complaint set forth legal conclusions and Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent a response is required, Defendant denies that Borrower performed any act that triggered the Defendant's duty to pay the Guaranteed Obligations.

39.    The allegations contained in paragraph 39 of the complaint set forth legal conclusions and Plaintiff's characterization of fact, and as such, no response is necessary, but to the extent a response is required, Defendant denies that Borrower performed any act that triggered any obligation by Defendant to pay the Guaranteed Obligations, and further denies that Borrower rebuffed Plaintiff's requests for information about

6

Borrower's financial status.

40.    Paragraph 40 of the complaint sets forth a legal conclusion to which no response is necessary, but to the extent that a response is deemed required, Defendant denies the allegations set forth in paragraph 40 of the complaint.

41.    To the extent that paragraph 41 sets forth Plaintiff's prayer for relief, no response is necessary, but to the extent a response is deemed required, Defendant denies the allegations contained in paragraph 41 of the complaint.

42.    In response to paragraphs 42 through 44 of the complaint, Defendant incorporates its answers to paragraphs 1 through 41 as if fully set forth herein.

43.    The allegations contained in paragraph 43 of the complaint set forth legal conclusions and Plaintiff's characterizations of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant denies that Borrower performed any act that triggered any obligation by Defendant to pay the Guaranteed Obligations.

44.    In response to paragraph 44, Defendant denies that Plaintiff has any right to enforce the Guaranty or require Defendant to incur any attorneys' fees, costs and expenses in connection with the Guaranty.

45.    To the extent that paragraph 45 sets forth Plaintiff's prayer for relief, no response is necessary, but to the extent a response is deemed required, Defendant denies the allegations contained in paragraph 45 of the complaint.

46.    In response to paragraphs 46 through 49 of the complaint, Defendant incorporates its answers to paragraphs 1 through 45 as if fully set forth herein.

47.    The allegations contained in paragraph 47 of the complaint set forth legal conclusions and Plaintiff's characterization of fact, and as such, no response is necessary, but to the extent that a response is required, Defendant denies that Borrower performed any act that triggered any obligation by Defendant to pay the Guaranteed Obligations.

48.    The allegations contained in paragraph 48 of the complaint set forth legal

conclusions and Plaintiff's characterization of fact, and as such, no response is required, but to the extent that a response is required, Defendant denies that Borrower performed any act that triggered any obligation by Defendant to pay the Guaranteed Obligations.

49.     The allegations contained in paragraph 49 of the complaint contain legal conclusions and Plaintiff's characterization of fact and as such no response is required but to the extent that a response is required Defendant denies that Borrower performed any act that triggered Plaintiff's obligation to pay the Guaranteed Obligations, and further denies that Borrower rebuffed Plaintiff's requests for additional information about Borrower's financial status.

50.     Paragraph 50 of the complaint sets forth a legal conclusion to which no response is necessary, but to the extent that a response is deemed required, Defendant denies the allegations set forth in paragraph 50 of the complaint.

51.     To the extent that paragraph 51 sets forth Plaintiff's prayer for relief, no response is necessary, but to the extent a response is deemed required, Defendant denies the allegations contained in paragraph 51 of the complaint.

52.     In response to paragraphs 52 through 54 of the complaint, Defendant incorporates its answers to paragraphs 1 through 51 as if fully set forth herein.

53.     The allegations contained in paragraph 53 of the complaint set forth legal conclusions and Plaintiff's characterization of fact, and as such, no response is required, but to the extent that a response is required, Defendant denies any liability to Plaintiff under the Guaranties and that Plaintiff has incurred any expenses that Plaintiff can recover under the Guaranties.

54.     The allegations of paragraph 54 set forth legal conclusions and Plaintiff's characterization of fact, and as such, no response is required, but to the extent a response is required, Defendant denies that Plaintiff has incurred any legal expenses and/or costs that it can recover under the Guaranty.

55.     To the extent that paragraph 55 sets forth Plaintiff's prayer for relief, no

8

response is necessary, but to the extent a response is deemed required, Defendant denies the allegations contained in paragraph 55 of the complaint.

## FIRST DEFENSE

### (Misrepresentation)

1.    Defendant alleges that Plaintiff's complaint must fail because of the misrepresentations of Plaintiff. The non-recourse carve-out guarantees were represented by Plaintiff to be non-recourse except in the event that Borrower's actions resulted in an involuntary bankruptcy, or an assignment for the benefit of creditors under state law, or the admitted inability in writing to meet obligations to third parties aside from the Borrower as they came due, which impaired the security interests of Plaintiff. Defendant further alleges no such event occurred; therefore, the non-recourse guarantee has not been properly invoked.

## SECOND DEFENSE

### (Failure of Conditions Precedent/Conditions Subsequent)

2.    Defendant alleges that Plaintiff's complaint must fail because of the failure of conditions precedent and/or conditions subsequent to any liability accruing and/or to the ability to bring this action. The non-recourse carve-out guarantees were represented by Plaintiff to be non-recourse except in the event that Borrower's actions resulted in an involuntary bankruptcy, or an assignment for the benefit of creditors under state law, or the admitted inability in writing to meet obligations to third parties aside from the Borrower as they came due, which impaired the security interests of Plaintiff. Defendant further alleges no such event occurred; therefore, the non-recourse guarantee has not been properly invoked.

## THIRD DEFENSE

### (Mistake)

3.    Defendant alleges that the Plaintiff's complaint is barred because of mistake of fact between Plaintiff and Defendant. The non-recourse carve-out guarantees

were represented by Plaintiff to be non-recourse except in the event that Borrower's actions resulted in an involuntary bankruptcy, or an assignment for the benefit of creditors under state law, or the admitted inability in writing to meet obligations to third parties aside from the Borrower as they came due, which impaired the security interests of Plaintiff. In the event that the Guarantees are interpreted as alleged in the complaint, the Guarantees are void and unenforceable due to a mutual mistake of fact in entering into these Guarantees at the inception as there was no meeting of the minds on an essential element of a contract.

## FOURTH DEFENSE

### (Failure of Consideration)

4.    Plaintiff represented to Defendant that the Guarantees were being underwritten and priced as non-recourse guarantees and that a Default by the Borrowers or any of them would not trigger liability. If the Guarantees are interpreted as alleged by the Plaintiff, there was a complete failure of consideration and the Guarantees are invalid and unenforceable.

## FIFTH DEFENSE

### (Estoppel)

5.    Each and every cause of action asserted by Plaintiff is barred, in whole or in part, by the doctrine of estoppel. The non-recourse carve-out guarantees were represented by Plaintiff to be non-recourse except in the event that Borrower's actions resulted in an involuntary bankruptcy, or an assignment for the benefit of creditors under state law, or the admitted inability in writing to meet obligations to third parties aside from the Borrower as they came due, which impaired the security interests of Plaintiff. Defendant further alleges no such event occurred; therefore, the non-recourse guarantee has not been properly invoked.

10

## SIXTH DEFENSE

### (Waiver)

6.　　Each and every cause of action asserted by Plaintiff is barred, in whole or in part, by the doctrine of waiver. Plaintiff underwrote, priced and sold the Loans and Guarantees to Defendant as non-recourse and accepted Loan fees based on that understanding.  The non-recourse carve-out guarantees were represented by Plaintiff to be non-recourse except in the event that Borrower's actions resulted in an involuntary bankruptcy, or an assignment for the benefit of creditors under state law, or the admitted inability in writing to meet obligations to third parties aside from the Borrower as they came due, which impaired the security interests of Plaintiff.  Defendant further alleges no such event occurred; therefore, the non-recourse guarantee has not been properly invoked.  By Plaintiffs actions, it has waived any right to assert that the Loans are full recourse to Defendant whenever the Borrower makes a payment Default.

## SEVENTH DEFENSE

### (Unclean Hands)

7.　　Each and every cause of action asserted by Plaintiff is barred, in whole or in part, by the doctrine of unclean hands.  The non-recourse carve-out guarantees were represented by Plaintiff to be non-recourse except in the event that Borrower's actions resulted in an involuntary bankruptcy, or an assignment for the benefit of creditors under state law, or the admitted inability in writing to meet obligations to third parties aside from the Borrower as they came due, which impaired the security interests of Plaintiff. Defendant further alleges no such event occurred; therefore, the non-recourse guarantee has not been properly invoked.

## EIGHTH DEFENSE

### (Prior Material Breach)

8.      Defendant alleges that the complaint is barred because of Plaintiff's prior material breaches of the alleged contract.  The non-recourse carve-out guarantees were represented by Plaintiff to be non-recourse except in the event that Borrower's actions resulted in an involuntary bankruptcy, or an assignment for the benefit of creditors under state law, or the admitted inability in writing to meet obligations to third parties aside from the Borrower as they came due, which impaired the security interests of Plaintiff.  It was expressly represented by Plaintiff, and discussed and agreed that a Default by the Borrowers or any of them, or the Borrowers inability or unwillingness to make payments on the Loans would not trigger any liability under the terms of the limited Non-Recourse Guarantees.  Defendant further alleges no such Limited Non-Recourse event occurred under the Guarantees; therefore, there is no liability under the Guarantees.

## NINTH DEFENSE

### (Breach of the Covenant of Good Faith and Fair Dealing)

9.      Defendant alleges that the complaint is barred because of Plaintiff's breach of the covenant of good faith and fair dealing.  The non-recourse carve-out guarantees were represented by Plaintiff to be non-recourse except in the event that Borrower's actions resulted in an involuntary bankruptcy, or an assignment for the benefit of creditors under state law, or the admitted inability in writing to meet obligations to third parties aside from the Borrower as they came due, which impaired the security interests of Plaintiff.  Defendant further alleges no such event occurred; therefore, the non-recourse guarantee has not been properly invoked.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.      A dismissal with prejudice of Plaintiff's complaint against Defendant;

2.      A denial of all relief sought by Plaintiff against Defendant; and

3.    Such other and further relief as this Court deems just and proper.

Dated: New York, NY
       June 23, 2008

DIAMOND McCARTHY LLP
*Attorneys for SCC Acquisition, Inc.*


By: _Sheila M. Gowan_
    Sheila M. Gowan, Esq.
    William T. Reid, IV., Esq.
    620 8th Avenue, 39th Floor
    New York, NY 10018
    (Tel.): 212.430.5404
    (Fax): 212.430.5409
    sgowan@diamondmccarthy.com
    breid@diamondmccarthy.com


THOMAS WHITELAW & TYLER LLP
Joseph E. Thomas, Esq.
18101 Von Karman Avenue, Suite 230
Irvine, CA 92612
(Tel.): 949.679.6400
(Fax): 949.679.6405
jthomas@twtlaw.com

To:

Steven Sinatra, Esq.
Daniel R. Milstein, Esq.
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
*Attorneys for Plaintiff D.B. Zwirn Special Opportunities Fund, L.P.*

UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

D.B. ZWIRN SPECIAL OPPORTUNITIES      :
FUND, L.P.                                                                  08 Civ. 5438 (RJH)

                                                :
                        Plaintiff,
                                                :       AFFIDAVIT OF SERVICE

            v.                                  :

SCC ACQUISITIONS, INC. AND JOHN DOE   :
I through JOHN DOE 100                         :

                        Defendants.            :
--------------------------------------------------------x

STATE OF NEW YORK      )
                                        ) ss.:
COUNTY OF NEW YORK  )

            NANCY SULLIVAN, being duly sworn, deposes and says:

            1.      I am not a party to the action, am over eighteen years of age and reside in
Suffolk County, State of New York.

            2.      On June 23, 2008, I served the within Answer Of Defendant SCC Acquisitions,
Inc. and Counterclaim for Breach of Contract in the above-captioned action by depositing a true
copy thereof in an official depository under the exclusive care and custody of the U.S. Postal
Service within New York State, addressed to:

                        Steven Sinatra, Esq.
                        Daniel R. Milstein, Esq.
                        GREENBERG TAURIG, LLP
                        MetLife Building
                        200 Park Avenue
                        New York, NY 10166

                                            _Nancy Sullivan_
                                            NANCY SULLIVAN

Sworn to before me this
23RD day of June, 2008

_Tasia Pavalis_
Notary Public

TASIA PAVALIS
Notary Public, State of New York
No. 31-4851729
Qualified in New York County
Commission Expires February 3, 20 10