UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
          :
D.B. ZWIRN SPECIAL OPPORTUNITIES  :   08 CV 5438 (RJH)
FUND, L.P.,                                   :
                                              :   ECF CASE
                     Plaintiff,  :
                                   :
          - against -             :
                                   :
SCC ACQUISITIONS, INC., and JOHN DOE  :
1 through JOHN DOE 100,            
                                   :
                    Defendants.  :
------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
AN ORDER REMANDING ACTION TO STATE COURT**

      Plaintiff D.B. Zwirn Special Opportunities Fund, L.P. ("Plaintiff"), by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for an Order pursuant to 28 U.S.C. § 1447(c) remanding the action to state court on the grounds that (a) the Court lacks subject matter jurisdiction over the controversy and (b) defendant SCC Acquisitions, Inc. ("Defendant") has contractually waived any right it might otherwise have to remove this action from state to federal court.

**PRELIMINARY STATEMENT**

      This action must be remanded to the state court in which it was commenced because (a) Defendant has not alleged the requisite elements of diversity jurisdiction required to sustain removal, (b) diversity of citizenship does not in fact exist, and, regardless, Defendant has waived any right it might otherwise have had to remove this case. To sustain removal on the basis of diversity of citizenship, the party seeking removal bears the burden of alleging the requisite

elements of diversity jurisdiction. A limited partnership is a citizen of every state in which any of its partners (general or limited) is a citizen. Thus, to sustain that pleading burden in this case -- in which Plaintiff is a limited partnership and Defendant is a California corporation -- the removal notice must describe the citizenship of the Plaintiff's partners in sufficient detail to enable the Court to conclude that Plaintiff has no California citizens among its partners. Defendant's removal notice is insufficient in this regard as it alleges only that Plaintiff is a Delaware limited partnership with a principal place of business in New York. No allegations relating to the citizenship of Plaintiff's partners are presented.

Moreover, the pleading deficiency cannot be cured because, as set forth in the accompanying Declaration of Elise Hubsher dated July 10, 2008 (the "Hubsher Decl."), among Plaintiff's partners are at least one California resident and at least one partnership whose principal place of business is in California. Thus, diversity of citizenship does not exist.

In addition, even were diversity to exist, Defendant has duly waived any right to remove this case that otherwise would have existed. Plaintiff commenced this action in New York State Supreme Court for New York County to enforce two guarantees each of which contains the same venue selection and consent to jurisdiction clause. Such clauses expressly and uniquivocally grant Plaintiff the exclusive right to choose the forum -- either state or federal court -- in which disputes arising under the guarantees will be heard. Defendant cannot thwart Plaintiff's bargained for right to choose to present this controversy to state court.

## BACKGROUND

Plaintiff is a limited partnership organized under the laws of the state of Delaware. (*See* Hubsher Decl. ¶ 2.) A review of the current partnership roll conducted by the Global Director of Business Development & Investor Relations indicates that Plaintiff has partners located all over

the country, including California. (*Id.* ¶ 3.) Plaintiffs partners include at least one natural person who resides in California and at least one partnership whose principal place of business is in California. (*Id.*)

In this action, Plaintiff seeks to recover on two guaranties of payment executed by Defendant in connection with two significant loans to affiliates of Defendant. Both loans were secured by mortgages on which Plaintiff recently foreclosed owing to the borrowers' monetary defaults. The first was a loan of up to $35,000,000.00 made by Plaintiff to Suncal Copper Canyon LLC in July of 2005. The second loan was a revolving loan of up to $75,000,000.00 made by Plaintiff to Suncal-Southwind JV, LLC in May of 2006. (*See* Complaint ¶ 1.[1])

Plaintiff commenced this action in New York State Supreme Court for the County of New York, on or about May 23, 2008, pursuant to an express provision in each of the guarantees at issue (the "Guarantees"[2]) in which Defendant agreed that Plaintiff would have the exclusive right to choose whether any dispute arising under the Guarantees would be resolved in federal or state court. In this regard, each of the Guarantees provides, in relevant part:

> . . . GUARANTOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE COUNTY OF NEW YORK, STATE OF NEW YORK AND IRREVOCABLY AGREES THAT, **SUBJECT TO LENDER'S ELECTION**, ALL ACTIONS OR PROCEEDINGS ARISING OUT OR OR RELATING TO THIS GUARANTY OR THE OTHER LOAN DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS.

Guarantees § 18 (emphasis added).

On or about June 16, 2008, Defendant served a notice of removal (the "Notice of Removal") alleging that "[t]his Court has original jurisdiction over this action pursuant to 28

---

[1] A true and correct copy of the Complaint (including its exhibits) is within the notice of removal that is itself annexed to the accompanying Declaration of Daniel R. Milstein, Esq. as Exhibit 1.

U.S.C. § 1332(a)(1)." (Notice of Removal ¶ 3.) In support of this allegation, Defendant further claims that Plaintiff is a Delaware limited partnership whose principal place of business is within New York (*id.* ¶ 4) and that Defendant is a California corporation whose principal place of business is in California (*id.* ¶ 5). After describing the relief sought in the Complaint, Defendant concludes that "this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1445(a) because . . . D.B. Zwirn and SCC are citizens of different states [and] . . . as pleaded by the complaint, the amount in controversy exceeds $75,000.00, exclusive of interest and costs . . . ." (*Id.* ¶ 15.)

## ARGUMENT

## POINT I

### REMAND IS REQUIRED BECAUSE DIVERSITY JURISDICTION HAS NOT BEEN PLEADED AND CANNOT BE PROVEN

It has been conclusively held by the United States Supreme Court that, for purposes of determining whether diversity of citizenship exists, the citizenship of a limited partnership is determined by the citizenship of all of its partners, both general and limited. In other words, a limited partnership is a citizen of every state in which any of its partners is a citizen. *See C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1989) (In holding that diversity could not be premised solely upon consideration of the citizenship of the general partners in a limited partnership, the court stated that "[i]n sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.")

Where subject matter jurisdiction is predicated upon diversity of citizenship, the party alleging the existence of such jurisdiction (whether in the initial complaint or in a notice of

---

[2] True and correct copies of the guarantees are annexed as Exhibits B and C to the Complaint.
NY 238,853,266v1

removal) must plead all of the requisite elements of diversity jurisdiction. Where, as here, one of the parties is a partnership, in order to meet that pleading burden, the party asserting the existence of diversity jurisdiction must describe the citizenship of the partners of that partnership. Failure to plead sufficiently the citizenship of the partners is a fatal flaw requiring remand or dismissal of the case, as appropriate. *See Virtual Dates, Inc. v. Afternic.com, Inc.*, 2001 WL 1646451 (S.D.N.Y. Dec. 20, 2001) (dismissing complaint for lack of subject matter jurisdiction since "a limited partnership is a citizen of every state of which any of its partners, limited or general, is a citizen" and "the complaint fails to allege the citizenship of any of [defendant's] partners"); *The Cats Company v. TIG Insurance Company*, 2001 WL 747283 (S.D.N.Y. July 3, 2001) ("As neither the complaint nor the notice of removal alleges the citizenship of each of the partners of the plaintiff, the removing defendant has not sustained its burden of demonstrating the existence of complete diversity of citizenship."); *Equitable Life Assurance Society of the United States v. Alexander Grant & Co.*, 627 F.Supp. 1023, 1026 (S.D.N.Y. 1985) (finding inadequate allegations of diversity where complaint failed to allege citizenship of party's partners).

The Notice of Removal in this case is fatally flawed because it fails to allege that the partners of Plaintiff limited partnership do not include any California citizens. Simply alleging that Plaintiff partnership was organized under Delaware law and maintains its principal place of business in New York is insufficient to establish that Plaintiff is not, like Defendant, a citizen of California, as such facts do not limit Plaintiff's citizenship to either New York or Delaware.

Overlooking this fatal pleading deficiency, where the existence of diversity of citizenship is challeged after a case has been removed, it is incumbent upon the removing party to come

forward with competent proof supporting jurisdiction. As stated recently by this Court in *Lower Manhattan Dialysis Center, Inc. v. Plantz*, 2007 WL 2789266 (S.D.N.Y. Sept. 25, 2007):

> [w]hen a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof.

Quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979).

Here, the Defendant cannot possibly sustain that burden of proof because Plaintiff's partners include California citizens. As detailed in the accompanying Hubsher Decl., Plaintiff's partners include at least one natural person resident in California and at least one partnership whose principal place of business is in California.[3] Consequently, it is beyond question that diversity of citizenship is lacking and the case must be remanded.

## POINT II

### REMAND IS REQUIRED BECAUSE DEFENDANT WAIVED ITS RIGHT TO REMOVE THIS CASE TO FEDERAL COURT

Even if Defendant could establish complete diversity of citizenship, remand is required because, by executing the Guarantees, Defendant unequivocally waived any right to remove this action that it otherwise might have had. The law is clear that where, as here, a party contractually grants to another the right to choose the forum to which contractual disputes will be submitted, that party has waived the right to remove an action from state court. Such removal would, under such circumstances, render completely meaningless the contractual language

---

[3] While Plaintiff cannot state from personal knowledge that the partners of the California partnership include California residents, it is a logical presumption that if the partnership has its principal place of business in California, some of its partners reside in California. This presumption suffices to bar a finding that diversity of citizenship exists. *See Equitable Life Assurance Society v. Alexander Grant & Co.*, 627 F.Supp. 1023, 1026 (S.D.N.Y. 1985) ("It is apparent that Etuitable has not alleged complete diversity between itself and Grant because it cannot do so. Presumably some of the partners in Grant's New York office are citizens of New York and would therefore be non-diverse to Equitable, a New York company.")

NY 238,853,266v1

allowing the plaintiff to choose the forum. *See Koninklijke Philips Electronics v. Digital Works, Inc.*, 358 F.Supp.2d 328, 334 (S.D.N.Y. 2005) ("Defendant surrendered its right to seek removal by acceptance of the forum selection clause provided for in the Agreement that afforded plaintiff the option of selecting the forum to litigate this dispute"); *AGR Financial LLC v. Ready Staffing, Inc.*, 99 F.Supp.2d 399, 400 (S.D.N.Y. 2000) (where contract provided for venue in state or federal court "as AGR may elect," the defendant's contractual consent to jurisdiction in the elected state court was held to constitute a waiver of its right to remove the case).

The Guarantees each provide that the choice between submitting a dispute arising thereunder to state or federal court is "subject to lender's election." Plaintiff -- the lender -- elected to commence this action in New York State Court. That election must be given effect. To allow Defendant to thwart Plaintiff's election would deny Plaintiff a contractual benefit for which it expressly bargained and to which Defendant expressly agreed. *See Argonaut Partnership, L.P. v. Bankers Trustee Co. Ltd.*, 1997 WL 45521 at *13 (S.D.N.Y. Feb. 4, 1997) (where contract provided for forum "at the choice of the plaintiff," allowing defendant to remove after plaintiff had chosen state forum would render contract language superfluous). Thus, even were Defendant able to demonstrate diversity of citizenship -- and it cannot -- the Court should enforce the parties' binding agreement and remand the case to state court.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Plaintiff's motion to remand in its entirety and should award Plaintiff the costs it has incurred (including its attorneys' fees) in making this motion.

Dated:   New York, New York
         July 11, 2008

>                    GREENBERG TRAURIG LLP
>                    *Counsel for Plaintiff D.B. Zwirn Special*
>                    *Opportunities Fund, L.P.*
>
>                    By: _____
>                        Steven Sinatra, Esq. (SS 7604)
>                        Daniel R. Milstein, Esq. (DM 3913)
>                        MetLife Building
>                        200 Park Avenue, 38th floor
>                        New York, New York 10166
>                        Tel: (212)801-9200
>                        Fax: (212) 801-6400